## People of the State of Illinois, Defendant in Error, v. Charles W. Bardwell, Plaintiff in Error.

### Gen. No. 5364.

VERDICTS—*when set aside as against the evidence.* A verdict manifestly against the weight of the evidence will for that reason be set aside on review.

Action commenced before justice of the peace. Error to the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the April term, 1910. Reversed with finding of fact. Opinion filed October 18, 1910.

EDWARD CORLETT and GEORGE J. CLARE, for plaintiff in error.

GEORGE A. BARR, for defendant in error; E. MEERS and M. F. LENNON, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Charles W. Bardwell was arrested on December 16, 1908, upon a charge of disorderly conduct under a warrant issued by a justice of the peace. On the trial before the justice he was found guilty. An appeal was taken to the County Court of Will county where on a third trial before a jury he was again convicted and sentenced to pay a fine of one dollar and the costs. The defendant prosecutes this writ of error to review that judgment.

The proof shows that Thomas Hennebry and Frank Calhoun were doing some work on a north and south highway. The highway had just been graded by scraping the dirt from the sides to the center of the road and by gravelling the center wide enough for a driveway. Holes had been made on the east side of the road by taking gravel therefrom to do the gravelling, and Hennebry and Calhoun were engaged with a team and plow in filling these holes. They drove

to the place where they were working in a wagon with planks on it such as are used in hauling gravel. They unhitched the team, leaving the wagon on the turnpike occupying one half of the traveled track, although near there was a level place on the side of the road where the wagon might have been left so as not to interfere with travel along the road. On December 15, 1908, plaintiff in error had occasion to go south along the highway past the Hennebry wagon for a load of hay with a hay rack of the usual width of his wagon, and claims that his empty wagon slued to the west because of the slope as he passed the Hennebry wagon. Later in the afternoon he returned with a load of hay, and stopped two or three rods south of the Hennebry wagon, and asked Hennebry to move it so he could pass. Hennebry replied he had sufficient room to pass and at least half the road and that was all he was going to get. Bardwell got down off his load of hay, took hold of the tongue of the Hennebry wagon and pushed it off the turnpike down the slope on the east side of the grade. After Bardwell let go of the tongue, the wagon continued to move, cramped and tipped upon two wheels. The claim of the people is that Bardwell during the controversy threw a pitchfork at Hennebry.

There were six witnesses to the transaction, Hennebry and Calhoun who testified that Bardwell threw a fork at Hennebry, and Bardwell, Christ Johnson, his hired man, and Francis Cooper and Florence Cooper who were driving in the opposite direction and from a distance two or three rods north of where the controversy occurred saw the whole of it. These witnesses all testified no fork was thrown, but that Bardwell took his fork to aid himself in getting off the load of hay and that when part way down he tripped in some manner and the fork fell to the ground. When all the evidence is considered together the preponderance is that the fork was not thrown at the prosecuting witness by Bardwell.

The evidence of Hennebry is that his wagon did not stand on the gravelled part of the road. He is contradicted in this by all the other witnesses. The People's witness, Calhoun, states that he does not know whether he left the wagon in the wagon track. Other witnesses who drove by the wagon before it was run in the ditch testified they had to drive around it in the road and that the ground was soft and slushy. The clear preponderance of the evidence is that the Hennebry wagon was wrongfully left standing on the traveled part of the road when the team was unhitched from it. It could easily have been run off by Hennebry so as to leave plenty of room for people to pass on the gravelled way. It also clearly appears that after its removal was requested, the request was maliciously refused because of some ill-will between the parties with the hope by Hennebry that Bardwell's load of hay would upset in the ditch as his wagon did. The preponderance of the evidence is with the plaintiff in error and the judgment is reversed.

*Reversed.*

Finding of fact: The plaintiff in error is not guilty of the charge of disorderly conduct.